**SCHNEBERG LAW PC**
Kyle P. Schneberg, CA SBN 239325
kyle@schneberglaw.com
3828 W. Carson. St. Ste. 100
Torrance, CA 90503
(310) 359-9090

**BOHRER & LUKEMAN**
Abram I. Bohrer, NY SBN 2447530
David A. Zeitzoff, NY SBN 5309224
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORINE BULA, as the natural mother and legal guardian of T.T., an infant, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED AIRLINES, INC. and ADDIS TRAVEL & TOURS, INC., <br><br> Defendant | Case No.: 2:23-CV-00618 <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

 1. The Plaintiff, CORINE BULA, as the natural mother and legal guardian of T.T., an infant, by her attorneys, SCHNEBERG LAW PC, as and for her complaint against the Defendants, UNITED AIRLINES, INC. and ADDIS TRAVEL & TOURS, INC., alleges the following upon

1
COMPLAINT AND JURY TRIAL DEMAND

information and belief:

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

3. In personam jurisdiction and venue are proper in this district insofar as in or about August 14-15, 2021, Defendant, UNITED AIRLINES, INC. ("United"), a common carrier of passengers by air, had offices and transacted business within California; purposefully availed itself of the privilege of conducting activities within California; the contract of carriage which forms the basis for this cause of action was sold in California and expressly incorporated the provisions of the Montreal Convention; the travel which led to the events, actions, and omissions which form the basis of this action originated and concluded in California; and this cause of action arises out of and/or relates to United's contacts with California..

4. In personam jurisdiction and venue are proper in this district insofar as in or about August 14-15, 2021, Defendant, ADDIS TRAVEL & TOURS, INC. ("Addis Travel"), is/was a California Corporation whose principal place of business is in California.

## THE PARTIES

5. Plaintiff CORINE BULA is the natural mother and legal guardian of T.T., an infant.

6. Plaintiff resides with her infant in Inglewood, California.

2
COMPLAINT AND JURY TRIAL DEMAND

7. At all times mentioned herein, United is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business at 233 S. Wacker Drive; Chicago, Illinois.

8. Addis Travel is an active California corporation with its principal place of business at 6818 S. La Cienega Boulevard, Inglewood, California.

9. In or about the time of the incident herein, United operated Los Angeles International Airport (LAX) as a "centerpiece" and regional "hub" of its West Coast operations.

10. In or about the time of the incident herein, United operated over 100 daily flights from LAX.

11. In 2019, United completed an approximately $573,000,000.00 renovation investment in Terminal 7 at LAX.

12. In or about the time of the incident herein, United sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived millions of dollars in revenue daily from the State of California.

13. In or about the time of the incident herein, United advertised, solicited and otherwise marketed the sale of commercial airline travel in various mediums within the State of California.

14. In June 2019, United entered a 16-year, $69,000,000.00 naming rights agreement to re-name and rebrand the field at Los Angeles Memorial Coliseum which included $315,000,000 in renovations costs.

15. In or about the time of the incident herein, United maintained over 5,000 employees in the Los Angeles area.

16. In or about the time of the incident herein, United directly solicited business from Plaintiff within the State of California by offering and enrolling her into a frequent flyer program that rewarded her for purchase of airline tickets from and travel with United.

17. In or about the time of the incident herein, United purposefully availed itself of the privilege of conducting activities within the State of California.

18. In or about the time of the incident herein, Addis Travel maintained an office and employees, sold airline tickets, transacted business, and thus derived daily revenue within California.

19. In or about the time of the incident herein, Addis Travel sold airline tickets to the Plaintiff in the State of California.

20. In or about the time of the incident herein, Addis Travel purposefully availed itself of the privilege of conducting activities within the State of California.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST UNITED

21. On or about August 14-15, 2021, at or near the time of the events complained of herein, United transacted business as a common carrier of passengers by air as defined by 14 CFR 110.2, and as such, was engaged in the business of transporting passengers for hire by air.

22. In furtherance of said business, United, like many other airlines, engaged in multiple "code sharing" agreements with other airlines to allow its customers to travel around the

globe under the United name brand.

23. According to the Unites States Department of Transportation, code sharing is a marketing arrangement in which an airline places its designator code on a flight operated by another airline and sells tickets for that flight. Airlines throughout the world continue to form code-share arrangements to strengthen or expand their market presence and competitive ability. U.S. and foreign air carriers that want to operate code-shared services, must first obtain authorization from the Department in the form of a Statement of Authorization under Part 212 of the Department's economic regulations, 14 CFR Part 212. The Department approves the application if it determines that it is in the public interest. https://www.transportation.gov/policy/aviation-policy/licensing/code-sharing

24. One such agreement United entered into was/is with no-party Brussels Airlines S.A. ("Brussels"), which allows United customers to travel to and within several countries, including Denmark and points in Africa on Brussels aircraft that bear United flight numbers. Indeed, through its membership to the Star Alliance, both United and non-party Brussels refer to themselves as "code share partners."

25. Both Plaintiff's and T.T's contracts of carriage under which they were travelling at the time the instant cause of action arose ("the contract of carriage") were purchased, originated in, and concluded in California.

26. On or about August 14-15, 2021, Brussels, a codeshare partner of United, operated and controlled a certain jet aircraft designated as United Airlines Flight 9984 from N'djili

5
COMPLAINT AND JURY TRIAL DEMAND

International Airport, Kinshasa, Democratic Republic of Congo (FIH) to Brussels Airport, Brussels, Belgium (BRU) ("the subject flight").

27. United remains liable for subject flight pursuant to its codeshare liability under the Montreal Convention.

28. On or about August 14-15, 2021, Plaintiff's infant, T.T., was a fare-paying passenger lawfully aboard the subject flight United Airlines Flight 9984.

29. On or about August 14-15, 2021, while seated aboard United Airlines Flight 9984, Plaintiff's infant, T.T., was injured as the result of an accident.

30. Specifically, during the course of United Airlines Flight 9984, Plaintiff's infant was burned as the result of contact with scalding hot liquid.

31. Plaintiff's infant's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or happening external to the Plaintiff's infant, and not by his internal reaction to the normal operation of the aircraft.

32. As a result of said accident, Plaintiff's infant, T.T., was injured.

33. As a result of said accident, Plaintiff's infant, T.T., was seriously injured.

34. As a result of said accident, Plaintiff's infant, T.T., was permanently injured.

35. As a result of said accident, Plaintiff's infant, T.T., suffered great pain, agony and mental anguish, including permanent scarring and/or skin discoloration, and in the future shall continue to suffer from same.

36. As a result of said accident, Plaintiff and Plaintiff's infant, T.T., suffered economic loss and in the future shall continue to suffer from same.

37. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

38. As a result of said accident, Plaintiff's infant will be forced to expend sums of money on medical treatment in the future.

39. As a result of said accident, Plaintiff's infant, T.T., was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

40. As a result of the foregoing, the United is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

41. Pursuant to Article 21 of the Montreal Conventions, United cannot meet its burden of proving that neither its negligence, nor that of its agents, did not cause or contribute to the accident and the resulting injuries to Plaintiff's infant.

42. Pursuant to Article 21 of the Montreal Convention, United cannot meet its burden of proving that the injuries suffered by the Plaintiff's infant were caused solely by the acts of third parties who were not its agents.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ADDIS TRAVEL**

43. Plaintiff repeats, restates, and realleges each and every allegation set forth in paragraphs 1 to 42 as if fully set forth at length herein.

44. Defendant Addis Travel engaged in multiple agreements with numerous airlines,

and Defendant United in particular, to allow its customers to travel internationally by air. The agreement with United enabled Addis Travel customers to purchase airline tickets for travel aboard United Airlines flights and its partners, and to travel to and within several countries, including Belgium and the Democratic Republic of Congo.

45. As parts of its agreements with airlines, Addis Travel routinely enters into contracts of carriage and sells airline tickets to commercial passengers for travel aboard commercial air carriers and provides none of the actual transportation called for in the contracts of carriage.

46. The contract of carriage which forms the basis for this cause of action was issued pursuant to an agreement between Addis Travel and United, was purchased and originated in California.

47. By virtue of its sale of the contract of carriage, Addis Travel bears liability as a "principal" pursuant to Article 39 of the Montreal Convention.

48. Since Addis Travel performed none of the actual transportation in the contract of carriage, it is a contracting carrier as defined by Article 39 of the Montreal Convention, and thus retains liability therefor.

49. As previously pleaded with greater specificity herein, Plaintiff's infant, T.T., suffered scald injuries aboard the subject flight on or about August 14-15, 2021.

50. Plaintiff's infant's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or happening external to the Plaintiff's infant, and not by his internal reaction to the normal operation

of the aircraft.

51. As a result of said accident, Plaintiff's infant, T.T., was injured.

52. As a result of said accident, Plaintiff's infant, T.T., was seriously injured.

53. As a result of said accident, Plaintiff's infant, T.T., was permanently injured.

54. As a result of said accident, Plaintiff's infant, T.T., suffered great pain, agony and mental anguish, including permanent scarring and/or skin discoloration, and in the future shall continue to suffer from same.

55. As a result of said accident, Plaintiff and Plaintiff's infant, T.T., suffered economic loss and in the future shall continue to suffer from same.

56. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

57. As a result of said accident, Plaintiff's infant will be forced to expend sums of money on medical treatment in the future.

58. As a result of said accident, Plaintiff's infant, T.T., was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

59. As a result of the foregoing, Addis Travel is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

60. Pursuant to Article 21 of the Montreal Conventions, Addis Travel cannot meet its burden of proving that T.T.'s accident and resulting injuries were not caused or contributed to by the negligence of its agents.

61. Pursuant to Article 21 of the Montreal Convention, Addis Travel cannot meet its burden of proving that the injuries suffered by the Plaintiff's infant were caused solely by the acts of third parties who were not its agents.

**WHEREFORE**, Plaintiff CORINE BULA, as the natural mother and legal guardian of T.T., an infant, demands judgment against Defendants, UNITED AIRLINES, INC. and ADDIS TRAVEL & TOURS, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: January 26, 2023                                SCHNEBERG LAW P.C.

                                                                *-s- Kyle P. Schneberg*
                                                        By:_____
                                                                Kyle P. Schneberg, Esq.


                                                        BOHRER & LUKEMAN

                                                        By:_____
                                                                Abram I. Bohrer, Esq.
                                                                David A. Zeitzoff, Esq.
                                                                *Forthcoming Pro Hac Vice Application*

                                                                *Attorneys for Plaintiff*